UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

ANSAR MUHAMMAD
a/k/a TONEY BENNETT,

       Plaintiff.
_____/

No. C-11-4358 EMC (pr)
No. C-11-4433 EMC (pr)
No. C-11-4434 EMC (pr)
No. C-11-4889 EMC (pr)

**ORDER TO SHOW CAUSE RE CONTEMPLATED DISMISSAL**

       Ansar Muhammad, also known as Toney Bennett, an inmate currently at the Alameda County Jail, has filed these four civil rights actions under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

       A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

       For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th

1 Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as
2 strikes for § 1915(g) purposes, so the mere fact that Muhammad has filed many cases does not alone
3 warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should
4 only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other
5 relevant information, the district court determines that the action was dismissed because it was
6 frivolous, malicious or failed to state a claim." *Id.*

7     *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g),
8 by either the district court or the defendants, but also requires the prisoner to bear the ultimate
9 burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly
10 allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the
11 prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner
12 an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal
13 under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g),
14 but he still may pursue his claims if he pays the full filing fee at the outset of the action.

15     A review of the dismissal orders in Plaintiff's prior prisoner actions and appeals reveals that
16 he has had at least three such actions or appeals dismissed on the grounds that they were frivolous,
17 malicious, or failed to state a claim upon which relief may be granted: *Muhammad v. Martinez*
18 *Detention Facility*, No. C 02-2114 MHP (dismissed for failure to state a claim upon which relief
19 may be granted); *Muhammad v. Stokes*, No. C 05-3694 MHP (dismissed for failure to state a claim
20 upon which relief may be granted); *Muhammad v. Schwarzenegger*, No. C 06-739 MHP (dismissed
21 for failure to state a claim upon which relief may be granted).

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

In light of these dismissals, and because PLAINTIFF does not appear to be under imminent danger of serious physical injury, he is **ORDERED TO SHOW CAUSE** in writing filed no later than **April 30, 2012** why *in forma pauperis* should not be denied and each of these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, PLAINTIFF may avoid dismissal by paying the full $350.00 filing fee by the deadline for each action.

IT IS SO ORDERED.

Dated: April 2, 2012

_____
EDWARD M. CHEN
United States District Judge